# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-893V
UNPUBLISHED

AUTUMN MORGAN,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Chief Special Master Corcoran

Filed: December 6, 2019

Special Processing Unit (SPU);
Ruling on Entitlement; Concession;
Table Injury; Meningococcal Vaccine;
Influneza (Flu) Vaccine; Vasovagal
Syncope

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for petitioner.*

*Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

On June 18, 2019, Autumn Morgan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered "vasovagal syncope and resulting injuries, a 'table injury,' as a result of the influenza and meningococcal vaccines" she received on September 7, 2016,. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 2, 2019, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent indicates that

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

DICP has determined that petitioner's medical course is consistent with vasovagal syncope following her flu and Meningococcal vaccines on September 7, 2016 as defined by the Vaccine Injury Table. *See* 42 C.F.R. § 100.3(a). DICP did not identify any other causes for petitioner's vasovagal syncope within one hour of her vaccinations, and records show that she suffered the sequela of her injury for more than six months after vaccination. Based on the medical records outlined above, petitioner has met the statutory requirements for entitlement to compensation. *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D). Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.

*Id.* at 6.

In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master